UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

OLGA MELENDEZ,

       Petitioner,                              Memorandum and Order

                                                      12 Misc. 480

   - against -

UNITED STATES OF AMERICA,

       Respondent.
------------------------------------------------------x

GLASSER, United States District Judge:

       On September 13, 1990 the petitioner, Olga Melendez, pleaded guilty to conspiracy to import heroin. On February 28, 1994, the Court sentenced Melendez to four years probation and 300 hours of community service. Melendez now seeks to have her criminal record expunged on the grounds that she has lived a law-abiding life for more than a decade yet her felony conviction continues to hinder her employment opportunities. For the following reasons, petitioner's motion must be denied.

       It is well established that federal courts may, through the exercise of their inherent powers, order the expunction of arrest records. United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir.1977), cert. denied, 435 U.S. 907, 98 S. Ct. 1456, 55 L. Ed. 2d 499 (1978). However, relief is not to be given freely, but should instead be granted "only in 'extreme circumstances.'" Id. (quoting United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y.1972)). "The standard is stringent and balances the government's need to maintain records with the harm alleged by the moving party." Manoharan v. United

States, No. 12 Misc. 68 (SJ), 2012 WL 2872631, at *1 (E.D.N.Y. July 12, 2012) (citations omitted); see also United States v. Morelli, No. 91 Cr. 639 (MHD), 1999 WL 459784, at *1 (S.D.N.Y. June 30, 1999) ("The policies underlying retention of criminal records encompass not only the immediate needs of law enforcement for identification and reference in future criminal proceedings, but also punishment and deterrence, as well as public informational needs, as appropriate."). "Moreover, this very stringent standard has been developed principally, if not exclusively, to deal with expungement requests concerning records of arrests that did not lead to valid convictions." Morrelli, 1999 WL 459784, at *1 (footnote and citation omitted). Examples of such extreme circumstances warranting expunction include cases where an arrest was made for the purpose of harassment (such as in the case of civil rights workers), a determination of probable cause was impossible because arrests were made en masse, the records have been misused by the government, or the statute supporting the arrest was later declared unconstitutional. See Schnitzer, 567 F.2d at 540 (citing numerous cases); United States v. Noonan, 906 F. 2d 952, 957 (3d Cir. 1990) (same).

Petitioner does not dispute the legality of her guilty plea or allege any impropriety on the part of the government. She requests her criminal record be expunged because "working in the healthcare field, one must uphold the highest standard. Having a felony in my record will sabotage my future plans to further my education." Motion to Expunge at 3. The Court is sympathetic to the difficulties petitioner faces. But "[w]here the only harm alleged is to plaintiff's professional reputation, the expungement motion must be denied, as that harm does not provide a ground upon which this Court can rely in granting a motion to expunge." United States v. James, No. 97 Cr. 715 (ILG), 2003

WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003) (citations omitted); see also Gonzalez v. United States, No. 10 Misc. 547 (JBW) (RER), 2010 WL 5860297, at *2 (E.D.N.Y. Nov. 22, 2010) ("[A]bsent any issue with the record's accuracy, courts have almost uniformly rejected adverse employment effects as grounds for expungement." (quotation omitted) (collecting cases)); see also United States v. Grant, No. 94 Cr. 18 (CPS), 2008 WL 2039309, at *2 (E.D.N.Y. May 9, 2008) ("Adverse employment decisions are, of course, one of the consequences of an arrest record [but] [w]here a record is accurate, regardless of the disposition of the case, courts have nearly uniformly rejected adverse employment effects as grounds for expungement." (collecting cases)). Expungement "is particularly inappropriate when the targeted records concern a criminal conviction the validity of which the defendant does not contest."  Morelli, 1999 WL 459784, at *1; see also Holmes v. United States, No. 99 Misc. 0106 (MDG), 2005 WL 1320149 (E.D.N.Y. June 2, 2005) ("Courts have particularly frowned upon motions to expunge where the movant does not even challenge the legality or validity of the conviction for which expunction of records is sought." (collecting cases)).

For the foregoing reasons, petitioner has not met the stringent standard required to obtain expunction of her criminal record and her motion must be denied.  As this Court has previously observed:

> [I]f there is some force that will permit [petitioner] to move on and put the lingering effects of her conviction behind her, it is not the law, but rather the willingness of an employer to display enough understanding and wisdom to recognize that [she] has paid her debt to society.  While the law does not go so far as to erase the records of a youthful lapse in judgment, neither does it envision that she will be forever branded as a pariah and precluded from fully contributing to the fabric of

>society.  As this Court has observed once before, it is not the task of the district court to 'substitute its own judgment for that of the NASD, or for that of the state bar examiners, the pharmacist licensing board, or any other body charged with maintaining the standards of a vocation.  It is they who must evaluate the character and qualifications of potential and present members of their respective professions, in each case applying their own particular criteria to the facts before them."  In re Farkas, 783 F. Supp. [102,] 104 [(E.D.N.Y. 1992)]. To merely pay lip service, however, to the tenet of "paying one's debt to society" and to continue to regard that debt as never to be absolved is socially self-defeating and morally wanting.

James, 2003 WL 21056989, at *2.

Despite having found no basis upon which to grant petitioner's motion, this Court is nevertheless prompted to express the same hope it did in Farkas and James, that prospective employers will not look askance upon Ms. Melendez and that she may succeed in furthering her education and advancing in her career.

**SO ORDERED.**

August 21, 2012
Brooklyn, NY

                                                      /s/
                                           I. Leo Glasser, U.S.D.J.